UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ODESSA SMITH, on behalf of China
Lee Wells,

    Plaintiff,                                Case No. 11-10503
                                                    Honorable Denise Page Hood
v.

DETROIT SCHOOL DISTRICT,

    Defendant.

_____/

OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS,
DENYING PLAINTIFF'S MOTION NOT TO DISMISS,
DENYING REQUESTS FOR COUNSEL
and
ORDER DISMISSING ACTION

**I.    BACKGROUND**

Plaintiff Odessa Smith filed the instant action against Defendant Detroit City School District claiming that China Lee Wells was transferred on February 5, 2009 to March 3, 2009 without the proper procedure in violation of the Individual Education Disabilities Act ("IDEA"). . (Comp., Doc. No. 1)  On September 14, 2011, the Court entered an Order appointing Thomas Warnicke as counsel on behalf of Plaintiff.  (Doc. No. 15)  Scheduling Orders were issued, various status conferences were held.  The parties attempted to resolve the matter, which was unsuccessful.  On February 27, 2013, the Court entered an Order allowing appointed counsel to withdraw.

This matter is now before the Court on Defendant's Motion to Dismiss.  Plaintiff filed various documents, including a motion not to dismiss the case.  Plaintiff also filed requests to have counsel appointed.  Defendant seeks dismissal under Rule 12(c) and 41(b) of the Rules of Civil Procedure for failure to obtain counsel as required by the Court and for failure to state a claim as to

damages.

## II. ANALYSIS

### A. Lack of Prosecution

Rule 41(b) provides that if the plaintiff fails to prosecute or comply with the rules or court order, the claim may be dismissed. Fed. R. Civ. P. 41(b). Any dismissal under Rule 41(b) is an adjudication of the merits. Fed. R. Civ. P. 41(b).

In this case, at various conferences, Plaintiff was advised that she is unable to proceed on behalf of her niece and that counsel must appear on behalf of her niece. A person cannot appear *pro se* on behalf of minor children because a minor's personal cause of action is her own and does not belong to the parent or representative. *Shepherd v. Wellman,* 313 F.3d 963, 970 (6th Cir. 1991). Dismissal is the appropriate remedy for failure to prosecute where a person attempts to proceed *pro se* on behalf of another. *Id.* at 971. Parents and guardians, however, are entitled under the IDEA to certain independent and enforceable rights to enforce their child's entitlement to a free appropriate public education. *Winkelman v. Parma City School Dist.,* 550 U.S. 516, 533 (2007). In order to determine if Plaintiff in this case may represent the child in this case, the allegations raised in the instant complaint must be rights a parent or guardian may enforce under the IDEA. *Id.* at 534. For the reasons set forth below, the Court finds that the claims asserted by Plaintiff in this case are not rights which a parent or child may enforce under the IDEA. Plaintiff is not entitled to proceed *pro se* on behalf of the child in this case.

As to Plaintiff's request for counsel, as noted above, Plaintiff was appointed counsel by the Court, but due to a breakdown in the relationship, the Court allowed counsel to withdraw. No further appearance has been filed by any counsel. Although Plaintiff again seeks appointment of

counsel, the Court finds that appointment of new counsel would be futile for the reasons set forth below.

        **B.**        **Judgment on the Pleadings**

Defendant seeks dismissal under Rule 12(c) which provides that a party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). A motion to dismiss once pleadings are closed may be granted on the basis of an affirmative defense if the facts conclusively establish the defense as a matter of law. *Hensley Mfg. v. ProPride, Inc.,* 579 F.3d 603, 613 (6th Cir. 2009). The manner of review under Rule 12(c) is the same as review under Rule 12(b)(6). *Jelovsek v. Bredesen,* 545 F.3d 431, 434 (6th Cir. 2008). In a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the issue is not whether a plaintiff will ultimately prevail on a claim, but whether his complaint is sufficient to cross the federal court's threshold to allege a claim. *Skinner v. Switzer,* 131 S.Ct. 1289, 1296 (2011). A complaint need not pin a plaintiff's claim for relief to a precise legal theory, but generally requires only a plausible "short and plain" statement of the claim, not an exposition of his legal argument. *Id.* Rule 8(a)(2) provides a pleading states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten

3

as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009).

The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984).

Liberally construing Plaintiff's allegations in her Complaint, the Court finds she is not seeking to enforce any rights on behalf of the child under the IDEA. Rather, Plaintiff is seeking compensatory damages against Defendant. Specifically, Plaintiff states, "I want to sue Detroit Public Schools and put my story into law. $200,000,000.00 (Two hundred million dollars), and monthly trama (sic) payments for life of $35,000.00 for both China Lee Wells and Odessa Smith

4

hardships suffered and pain, continious (sic)." (Comp., p. 2) General compensatory damages, including damages for emotional injuries are not available under the IDEA. *Long v. Dawson Springs Independent School District,* 197 Fed. Appx. 427, 432 (6th Cir. 2006); *Crocker v. Tennessee Secondary School Athletic Ass'n,* 980 F.2d 382, 386 (6th Cir. 1992); *Barnes v. Gorman,* 536 U.S. 181, 184-89 (2002). Remedies available under the IDEA includes tuition reimbursement incurred because of the school's failure to provide a free appropriate public education to the disabled child and a basic floor of educational opportunity consisting of access to specialized instruction and related services individual designed to provide educational benefit to the disabled student. *Board of Educ. of Fayette County, Ky. v. L.M.,* 478 F.3d 307, 314 (6th Cir. 2007); 20 U.S.C. § 1415(a). Parents cannot cloak an IDEA claims as a Section 1983 claim or any other claim for damages to receive compensatory or punitive damages. *Horen v. Board of Educ. of City of Toledo Public School Dist.,* 655 F.Supp.2d 794, 798 (N.D. Ohio 2009); *Chuhran v. Walled Lake Consol. Schools,* 1995 WL 138882, *2 (6th Cir. Mar. 28, 1995).

It is noted that the Administrate Law Judge November 12, 2010 Decision and Order submitted by Plaintiff with her Complaint shows that Plaintiff prevailed on her claims against Defendant. The ALJ instructed Defendant not to unilaterally remove or exclude the child from school without providing the child the procedural and substantive protections of an appropriate interim alternative educational setting. (Comp., ALJ Order, p. 11) The IDEA provides that any party aggrieved by the findings and decision under the statute shall have the right to bring a civil action with "respect to the complaint presented pursuant to this section." 20 U.S.C. § 1415(i). A "party aggrieved" is one entitled to a remedy, and, under the IDEA such remedies include certain procedures and reimbursements with regard to any claim implicated in these limited matters.

5

*Winkelman,* 550 U.S. at 529-30. Liberally construing Plaintiff's Complaint, the Court finds Plaintiff is not a party aggrieved by the decision of the ALJ. The ALJ found in her favor and against Defendant. If Plaintiff is seeking relief from the ALJ's finding that she was not entitled to any compensatory relief, as noted above, such relief is not available under the IDEA.

### III.   CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff is unable to proceed on behalf of the child on a claim for damages and that Plaintiff failed to state a claim that she and the child are entitled to compensatory damages under the IDEA.

Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss **(Doc. No. 37)** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion Not to Dismiss **(Doc. No. 40)** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Requests for Counsel **(Doc. Nos. 41, 42)** are DENIED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

                S/Denise Page Hood
                Denise Page Hood
                United States District Judge

Dated:  October 31, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2013, by electronic and/or ordinary mail.

                S/LaShawn R. Saulsberry
                Case Manager